IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:13-CR-92 |
| STEPHEN CHANCE HILTON, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 17, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Scott Palmer. The Government was represented by Will Tatum.

Stephen Chance Hilton was sentenced on April 28, 2014, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. Upon the defendant's motion for a variance, based on a pending amendment to the sentencing guidelines, Stephen Chance Hilton was sentenced to 80 months imprisonment followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; mental health treatment; obtain GED, and a $100 special assessment. On January 19, 2018, Stephen Chance Hilton completed his period of imprisonment

and began service of the supervision term in the Eastern District of Texas, Plano Office. On January 24, 2020, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On July 31, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 534, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall refrain from any unlawful use of a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing; (6) Under the guidance and direction of the United States Probation Office, the defendant shall participate in a combination of psychiatric, psychological, or mental health treatment and shall comply with any medication requirements as prescribed by the treatment provider; and (7) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following acts: (1) On November 19, 2019, Mr. Hilton was arrested by The Colony, TX, Police Department for the misdemeanor offenses of Assault Causes Bodily Injury-Family Violence, and Resisting Arrest, Search or Transport. According to the arrest report, Mr. Hilton and his girlfriend were arguing, and at some

point, he threw a cell phone which struck her in the rib/abdomen area. Additionally, the arrest report reveals Mr. Hilton was actively and passively resisting as officers were attempting to place him into the police car, laid across the back of the police vehicle stretched out, and was kicking at the officers preventing them from closing the doors. The officers had to ultimately use empty hand controls to gain Mr. Hilton's compliance so they could safely close both of the rear car doors for transport. On November 20, 2019, he was released from custody of the Denton County Sheriff's Office on bond. On June 24, 2020, Mr. Hilton was formally charged in Denton County Criminal Court with Assault Causes Bodily Injury Family Member, Case No. CR-2020-02884-A, and Resisting Arrest, Search or Transport, Case No. CR-2020-02885-A. Both offenses are class A misdemeanors, and arraignment is set for August 3, 2020; (2), (3) On February 21; March 2; June 11, and July 15, 2020, Mr. Hilton submitted urine specimens that tested positive for methamphetamine. Additionally, on June 25, 2020, he submitted a urine specimen which was considered a presumptive positive on the initial test cup collection; however, the drug laboratory was not able to perform a proper confirmation result because there was "interference", which is typically attributed to deliberate adulteration or use of medication. After submitting the urine specimen on June 25, 2020, Mr. Hilton admitted to the treatment provider that he used methamphetamine about a week prior. On all of the aforementioned occasions, Mr. Hilton admitted usage and/or the specimens were confirmed positive by Alere Toxicology Services, Inc.; (4) Mr. Hilton failed to report to the U.S. Probation Office as directed on June 30; July 8 and 14, 2020; (5) Mr. Hilton failed to report for drug testing at Addiction Recovery Center in Lewisville, TX, on June 10, 2020, and failed to report for drug testing at the U.S. Probation Office on July 14, 2020; (6) Mr. Hilton failed to participate in telehealth mental health counseling sessions with Christen E. Clower, Ph.D., Denton, TX, on April 22, May 22, June 26, and July 1, 2020. On July

1, 2020, he was unsuccessfully discharged from mental health treatment with Dr. Clower due to his failure to participate as directed; and (7) On July 16, 2020, Mr. Hilton had contact with the Fort Worth, TX, Police Department, as officers had responded to call of a domestic disturbance. Upon questioning Mr. Hilton and his supposed girlfriend, officers determined the argument appeared to have been verbal and not physical, and no arrests were made. Mr. Hilton, however, failed to notify the probation officer of this contact with law enforcement.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 4, 5, 6, and 7 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegations 4, 5, 6, and 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of fourteen (14) months of imprisonment, such term of imprisonment to run consecutive to Defendant's state case(s), with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in FCI El Reno, Oklahoma, if appropriate.

**SIGNED this 18th day of September, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE